SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-7482 PA (PJWx) | Date | February 25, 2008 |
|---|---|---|---|
| Title | Rita D. Guy v. EverHome Mortgage Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Cheryl Smith-Lintner | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS—ORDER TO SHOW CAUSE

Before the Court is a Joint Rule 26(f) Report (Docket No. 16) filed by Defendant EverHome Mortgage Co. ("Defendant") on February 11, 2008.  In the Report, Plaintiff Rita D. Guy ("Plaintiff") asserts that she will be able to file a Motion for Class Certification within 180 days if she can begin discovery at this time.  However, pursuant to Local Rule 23-3, the deadline to file a Motion for Class Certification was February 12, 2008—ninety days after service of the class action Complaint.

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  "Local rules are 'laws of the United States,'" and are "valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'"  Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995) (quoting United States v. Hvass, 355 U.S. 570, 575, 78 S. Ct. 501, 504, 2 L. Ed. 2d 496 (1958) and Fed. R. Civ. P. 83).

A court may strike class allegations for failure to file a timely motion for class certification.  See Burkhalter v. Montgomery Ward & Co., 676 F.2d 291, 294 (8th Cir. 1982) (affirming district court's striking of class allegations because of plaintiff's failure to comply with court order setting deadline for filing of motion for class certification); Joseph N. Main P.C. v. Elec. Data Sys. Corp., 168 F.R.D. 573, 577 (N.D. Tex. 1996) (striking class allegations for failing to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint).

As of this date, Plaintiff has not filed a motion for class certification despite the fact that the Complaint, which purported to commence a class action, was served more than ninety days ago.  Nor has Plaintiff sought leave of the Court for an extension of time to file a motion for class certification.  Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing why Plaintiff's class action allegations should not be stricken for failure to timely file a motion for class certification.

Plaintiff is ordered to respond to this Order to Show Cause by March 3, 2008.

IT IS SO ORDERED.